IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.: 10 – CA – 002579
Judge: McHugh, Michael T

ZURICH AMERICAN INSURANCE
COMPANY a/s/o KEENAN, HOPKINS,
SCHMIDT & STOWELL CONTRACTORS,
INC., a Florida corporation,

   Plaintiff,

v.

RENASANT INSURANCE COMPANY, INC.,
a foriegn corporation,

   Defendant.
_____/



2010 JUN 28 PM 1:27 FILED LEE CO. FLORIDA CLERK OF COURTS

## COMPLAINT

**COMES NOW** Plaintiff, ZURICH AMERICAN INSURANCE COMPANY a/s/o KEENAN, HOPKINS, SCHMIDT & STOWELL CONTRACTORS, INC., a Florida corporation, by and through their undersigned counsel, and pursuant to Fla. R. Civ. P., respectively sues Defendant, RENASANT INSURANCE COMPANY, INC., a foriegn corporation, and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. This is a civil cause of action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest, attorneys' fees and costs, and therefore, is within the subject matter jurisdiction of this Court.

2. At all times material hereto, ZURICH AMERICAN INSURANCE COMPANY (hereinafter "ZURICH"), was and remains a foreign corporation doing business as a liability

PDF created with pdfFactory trial version www.pdffactory.com

insurance carrier who was and remains duly registered with the Florida Department of Insurance, and therefore was and remains authorized to do business in the state of Florida.

3. At all times material hereto, KEENAN, HOPKINS, SCHMIDT & STOWELL CONTRACTORS, INC., (hereinafter "KHS&S"), was a Florida corporation with its principle place of business at 5422 Bay Center Drive, Suite 200, Tampa, FL 33609.

4. At all times material hereto, Defendant, RENASANT INSURANCE COMPANY, INC., (hereinafter "RENASANT"), was a Mississippi corporation with its principle place of business at 315 W. Main, Tupelo, MS, 38804.

5. This Court has personal jurisdiction over Defendant, RENASANT, pursuant to Fla. Stat. § 48.193, because RENANSANT has operated, conducted, engaged in, and carried on a business within the state of Florida. Specifically, RENASANT is responsible for issuing polices of insurance which would cover work performed in Florida, and did cover the work performed as described in this action in Lee County, Florida. Further, the tortuous act committed by RENASANT was committed in the state of Florida.

6. At all times material hereto, RENASANT, was an insurance agency, that provided policies of insurance issued by Liberty Mutual Insurance Company (hereinafter "Liberty Mutual").

7. This claim involves an incident that occurred on or about February 13, 2009, at a jobsite in Fort Myers, Florida (hereinafter "Fort Myers' Jobsite").

8. As the general contractor on the Fort Myers' Jobsite, KHS&S was required to ensure that its subcontractors and their workers were covered under a worker's compensation policy of insurance.

PDF created with pdfFactory trial version www.pdffactory.com

9. At all times material, Pasco Acoustical was a subcontractor hired by KHS&S for services on the Fort Myers' Jobsite.

10. As an employer as defined by Florida Statute §443, Pasco Acoustical was required under Florida law to provide worker's compensation insurance for its employees.

11. In an effort to comply with Florida Statute § 443, Pasco Acoustical paid for and obtained a policy of insurance through RENASANT which was intended to provide worker's compensation insurance for its workers on the Fort Myers' Jobsite.

12. Once the policy of insurance was issued by RENASANT, RENASANT procured a copy of the policy's Certificate of Liability Insurance, and provided same to KHS&S as proof of insurance. A copy of the Certificate of Liability Insurance obtained by Pasco Acoustical and provided to KHS&S is attached hereto as Exhibit "A."

13. Pursuant to the Certificate of Liability Insurance, insurance was provided by Liberty Mutual for work performed by Pasco Acoustical on the Fort Myers' Jobsite, which included, but was not limited to, worker's compensation.

14. At all times material, KHS&S relied on the Certificate of Liability Insurance issued by RENASANT as proof that worker's compensation insurance was in place for Pasco Acoustical's employees.

15. KHS&S' reliance on the Certificate of Liability Insurance was justified given the circumstances.

16. Further, RENASANT knew, or should have known that KHS&S would rely on the Certificate of Liability Insurance as evidence that worker's compensation insurance was in place on the Fort Myers' Jobsite.

PDF created with pdfFactory trial version www.pdffactory.com

17. On or about February 13, 2009, a Pasco Acoustical employee (hereinafter "Pasco Employee"), injured himself when he fell off a ladder on the Fort Myers' Jobsite.

18. The Pasco Employee submitted a claim for worker's compensation to Pasco Acoustical which was denied by Liberty Mutual.

19. The basis of Liberty Mutual's denial was that the policy of insurance, while indicating that worker's compensation coverage existed for work performed on the Fort Myers' Jobsite, did not in fact provide worker's compensation coverage for any Florida sites including the Fort Myers' Jobsite.

20. In accordance with Florida worker's compensation statutes, because RENASANT and Liberty Mutual took the position that no worker's compensation coverage existed for the Pasco Employee, KHS&S was obligated to pay for the Pasco Employee's injuries which amounted to SIXTY NINE THOUSAND NINE HUNDRED DOLLARS ($69,900.00).

21. Thereafter, KHS&S timely and expeditiously notified ZURICH, its insurance carrier, for work performed on the Fort Myers' Jobsite, of its claim for the Pasco Employee's injuries.

22. ZURICH'S determined the loss was a "covered" loss pursuant to its policy of insurance. Accordingly, ZURICH paid KHS&S for its damages in the total amount of SIXTY NINE THOUSAND NINE HUNDRED DOLLARS ($69,900.00) and thereby became contractually subrogated to all rights, claims, demands, and cause of actions which KHS&S has against any third parties whose acts or omissions caused or contributed to the damages.

23. ZURICH has complied with all conditions precedent prior to bringing this action.

24. Venue is proper in Lee County, as the cause of action accrued in Fort Myers, Florida.

PDF created with pdfFactory trial version www.pdffactory.com

## COUNT I – NEGLIGENCE

25. Plaintiff hereby re-alleges and re-affirms each and every allegation contained in paragraphs 1 through 24, under the General Allegations, as if fully set forth herein and states:

26. Plaintiff, ZURICH, brings its cause of action for negligence against Defendant, RENASANT.

27. At all times material hereto, RENASANT owed KHS&S a duty of reasonable care when issuing a Certificate of Liability Insurance for the Fort Myers' Jobsite located in Lee County, Florida.

28. RENASANT breached its duty of care when RENASANT issued a Certificate of Liability Insurance which did not accurately represent the coverage of insurance being provided by Liberty Mutual. *See* Exhibit "A."

29. As a direct and proximate result of RENASANT'S negligence, KHS&S, and in turn, ZURICH, suffered damages, including, but not limited to the settlement with the Pasco Employee in the amount of SIXTY NINE THOUSAND NINE HUNDRED DOLLARS ($69,900.00).

30. ZURICH'S payment to KHS&S was reasonable under all circumstances, and ZURICH is thereby subrogated to the extent of those losses for which it now demands recovery from RENASANT.

**WHEREFORE**, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY a/s/o KEENAN, HOPKINS, SCHMIDT & STOWELL CONTRACTORS, INC., a Florida corporation, demands judgment against Defendant, RENASANT INSURANCE COMPANY, INC., for the damages, plus prejudgment interest and for any and all other relief which this Honorable Court deems just and proper under the circumstances.

PDF created with pdfFactory trial version www.pdffactory.com

*Zurich a/s/o KHS&S v. Renasant Ins. Co.*
*Complaint*
*Page 6 of 6*

DATED, this 22nd day of June, 2010.

           DERREVERE, HAWKES, BLACK & COZAD
           2005 Vista Parkway, Suite 210
           West Palm Beach, Florida 33411
           Telephone: (561) 684-3222
           Facsimile: (561) 640-3050
           Email: mbs@derreverelaw.com

           BY: _____
           MICHAEL B. STEVENS, ESQUIRE
           Florida Bar No: 0057466

OCT-17-2007 14:16 FROM:PASCO 1 662 284 9979 TO:18136272896 P.3

# ACORD CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 10/17/2007

PRODUCER: (662)286-6621 FAX (662)287-6076
Renasant Insurance, Inc.
407 Waldron Street
P. O. Box 789
Corinth, MS 38835

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

INSURERS AFFORDING COVERAGE | NAIC #
--- | ---
INSURER A: Union Standard Insurance Co | 18468
INSURER B: Liberty Mutual Insurance Co. |
INSURER C: |
INSURER D: |
INSURER E: |

INSURED: Pasco Acoustical
Stephen McManus
1404 Pine Road
Corinth, MS 38834

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY** <br> X COMMERCIAL GENERAL LIABILITY <br> ☐ CLAIMS MADE X OCCUR <br> X Contractual Lia. | CLA421351312 | 11/02/2007 | 11/02/2008 | EACH OCCURRENCE <br> DAMAGE TO RENTED PREMISES <br> MED EXP (Any one person) <br> PERSONAL & ADV INJURY <br> GENERAL AGGREGATE <br> PRODUCTS - COMP/OP AGG | $ 1,000,000 <br> $ 100,000 <br> $ 5,000 <br> $ 1,000,000 <br> $ 2,000,000 <br> $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: <br> X POLICY ☐ PROJECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** <br> ANY AUTO <br> ALL OWNED AUTOS <br> SCHEDULED AUTOS <br> HIRED AUTOS <br> NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT <br> BODILY INJURY (Per person) <br> BODILY INJURY (Per accident) <br> PROPERTY DAMAGE (Per accident) | $ <br> $ <br> $ <br> $ |
| | | **GARAGE LIABILITY** <br> ANY AUTO | | | | AUTO ONLY - EA ACCIDENT <br> OTHER THAN EA ACC <br> AUTO ONLY: AGG | $ <br> $ <br> $ |
| A | | **EXCESS/UMBRELLA LIABILITY** <br> X OCCUR ☐ CLAIMS MADE <br> DEDUCTIBLE <br> RETENTION $ | CUA421394112 | 11/02/2007 | 11/02/2008 | EACH OCCURRENCE <br> AGGREGATE | $ 1,000,000 <br> $ <br> $ <br> $ <br> $ |
| B | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** <br> ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? <br> If yes, describe under SPECIAL PROVISIONS below | WC535S367872016 | 12/06/2007 | 12/06/2008 | X WC STATU- OTH- TORY LIMITS ER <br> E.L. EACH ACCIDENT <br> E.L. DISEASE - EA EMPLOYEE <br> E.L. DISEASE - POLICY LIMIT | <br> $ 100,000 <br> $ 100,000 <br> $ 500,000 |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
RE: Gulf Coast Hospital (KHSAS Project #13014-3) 13681 Doctors Way, Ft. Myers, FL 33912 with respect to General Liability Keenan Hopkins Schmidt & Stowell, Its Directors, Officers & Employees, and Gulf Coast Hospital Ft. Myers, FL are named as Additional Insured, including Products & Completed Operations. This coverage is primary and non-contributory as respects any other coverage by the certificate holder.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Keenan Hopkins, Schmidt & Stowell Contractors, Inc. <br> DBA: KHS&S Contractors, a Florida Corp. <br> 5422 Bay Center Drive <br> Tampa, FL 33609 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL _30_ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. <br> AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08) © ACORD CORPORATION 1988

Ex. "A"

PDF created with pdfFactory trial version www.pdffactory.com