UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY a/s/o KEENAN, HOPKINS,
SCHMIDT & STOWELL CONTRACTORS,
INC., etc.,

      Plaintiff,

v.                  CASE NO. 8:10-CV-1769-T-17EAJ

RENASANT INSURANCE COMPANY,
INC., etc.,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 3  Motion to Dismiss or Transfer
Dkt. 16  Response
Dkt. 24  Reply

In the Complaint, Plaintiff Zurich American Insurance
Company a/s/o Keenan, Hopkins, Schmidt & Stowell, Contractors,
Inc. ("Zurich") seeks a judgment against Defendant Renasant
Insurance Company, Inc., etc. ("Renasant") for negligence.
Jurisdiction is based on diversity.  Plaintiff seeks the award of
damages, prejudgment interest, and other appropriate relief.  The
Court notes that the correct name for Defendant Renasant is
Renasant Insurance, Inc.

Case No. 8:10-CV-1769-T-17EAJ

I.  Factual Background

     Keenan, Hopkins, Schmidt & Stowell Contractors, Inc.
("Kennan") was the general contractor on a job site in Fort
Myers, Florida, and was required to ensure that its
subcontractors and their workers were covered under a worker's
compensation policy of insurance.  Pasco Acoustical was a
subcontractor on the Fort Myers job site, and was required under
Florida law to provide worker's compensation insurance for its
employees.  Pasco Acoustical obtained a policy of insurance
through Defendant Renasant.  Defendant Renasant procured a copy
of the policy's Certificate of Liability Insurance and provided
it to Keenan.  The Certificate of Insurance indicated coverage
for commercial general liability insurance, contractual liability
insurance and excess/umbrella liability insurance provided by
Union Standard Insurance Company, and worker's compensation and
employer liability coverage provided by Liberty Mutual Insurance
Company (Dkt. 1, Ex. A).

     On February 13, 2009, a Pasco Acoustical employee was
injured on the Fort Myers job site.  The Pasco employee submitted
a worker's compensation claim to Pasco Acoustical, which was
denied by Liberty Mutual Insurance Company because its policy of
insurance did not provide worker's compensation coverage for any
Florida sites.  Under the Florida worker's compensation statutes,
because there was no coverage available from Renasant and Liberty
Mutual, Keenan was obligated to pay for the Pasco employee's
injuries, in the amount of $69,900.00.  Keenan notified Plaintiff
Zurich of its claim for the Pasco employee's injuries.  Zurich
paid Keenan $69,900.00 and became contractually subrogated to the
rights, claims, demands and causes of action which Keenan had

2

Case No. 8:10-CV-1769-T-17EAJ

against any third parties whose acts or omissions caused or
contributed to the damages.

Zurich now pursues a claim against Renasant for negligence,
alleging that Renasant owed Keenan a duty of reasonable care in
issuing the Certificate of Liability Insurance for the Fort Myers
job site, that Renasant breached its duty of care when it issued
the inaccurate Certificate of Insurance, and as a direct result
of Renasant's negligence, Keenan and Zurich suffered damages,
including but not limited to the amount paid to the Pasco
employee, $69,900.00. Zurich alleges that its payment to Keenan
was reasonable under all circumstances, and Zurich is subrogated
to the extent of those losses for which it now demands recovery
from Renasant.

Plaintiff Zurich is a New York corporation which is
authorized to do business in the State of Florida, and whose
principal place of business is in Illinois. Keenan is a Florida
corporation whose principal place of business is in Tampa,
Florida. Defendant Renasant is a Mississippi corporation whose
principal place of business is in Tupelo, Mississippi.

II. Motion to Dismiss

Defendant Renasant moves to dismiss the Complaint for lack
of personal jurisdiction and for improper venue. In the
alternative, Defendant Renasant moves to transfer this case to
the Northern District of Mississippi under 28 U.S.C. Sec.
1404(a).

Defendant Renasant argues that the Court lacks personal

3

Case No. 8:10-CV-1769-T-17EAJ

jurisdiction over Defendant Renasant under the Florida long-arm
statute, and Renasant does not have sufficient minimum contacts
with Florida which satisfy traditional notions of fair play and
substantial justice under the Due Process Clause of the
Fourteenth Amendment.  Defendant Renasant argues that Defendant
has not engaged in "substantial and not isolated activity" within
the State of Florida, which would constitute continuous and
systematic general business contact with Florida sufficient for
the exercise of general jurisdiction.

Defendant Renasant further argues that Renasant has not
operated, conducted, engaged in and carried on a business within
the State of Florida.  Renasant argues that its activities do not
show a general course of business activity in the State of
Florida for pecuniary benefit.  Renasant argues that the Liberty
Mutual policy was procured and issued in Mississippi, and the
Certificate of Insurance was provided as a courtesy to Renasant's
client, Pasco Acoustical.

Defendant Renasant further argues that Plaintiff Zurich
alleges no facts to support the allegation that Renasant
committed any negligent act in Florida.  Defendant argues that
all acts performed by Renasant were performed in Mississippi.
Defendant Renasant further alleges that all meetings and
conversations between Pasco Acoustical and Renasant took place
Mississippi, and Renasant did not deal with Pasco Acoustical at
all in Florida.  Defendant Renasant argues that there are no
facts to suggest that Renasant purposefully availed itself in
Florida.

The Affidavit of Ricky Earl James, Agency Manager, is

4

Case No. 8:10-CV-1769-T-17EAJ

attached to Defendant's Motion to Dismiss.

III.  Response

Plaintiff Zurich responds that Defendant Renasant, by
providing the Certificate of Insurance to Pasco Acoustical, a
Florida corporation, documenting coverage for a Florida job site,
made a representation in Florida to Keenan as to the Fort Myers
job site, which forms the basis for the tort Renasant is alleged
to have committed.

Plaintiff Zurich further argues that Renasant has
consistently carried on business in the State of Florida for a
number of years, based on the fourteen Certificates of Liability
Insurance it has issued documenting coverage for job sites in
Florida. (Dkt. 16, p. 4).  Plaintiff Zurich argues that Defendant
Renasant has subjected itself to Florida's long arm statute under
Ch. 48.193(1)(b) and Ch. 48.193(1)(a).

Plaintiff Zurich further argues that Renasant created the
Certificate of Insurance for the benefit of Florida corporation
Keenan to evidence insurance coverage for the Fort Myers job
site, and to be relied upon in Florida.  Plaintiff Zurich argues
that Defendant Renasant has had constant, repeated and systematic
contacts with the State of Florida, shown by the numerous
Certificates of Liability Insurance created and sent to Keenan
for job sites throughout Florida.   See Gulf South Lithotripsy,
LLC v. The North River Insurance Co., 2008 U.S. Dist. Lexis 3660
(E.D. La. 2008).

5

Case No. 8:10-CV-1769-T-17EAJ

IV.  Discussion
A.  Personal Jurisdiction
1.  Florida long-arm statute

     The theory of this case is negligent misrepresentation.  The
Florida long-arm statute permits the exercise of jurisdiction
over a non-resident defendant who commits a tort outside of the
state which causes injury within the state.  Posner v. Essex
Insurance Co., 178 F.3d 1209, 1216 (11th Cir. 1999).  To commit a
tortious act within the State of Florida, a defendant's physical
presence is not required.  Committing a tortious act in Florida
can occur through telephonic, electronic or written
communications into Florida, provided the cause of action arises
from the communications.  Wendt v. Horowitz, 822 So.2d 1252 (Fla.
2002).  Plaintiff alleges that Keenan, its insured, and Zurich
suffered injury within the State of Florida, arising from the
inaccurate representations in the Certificate of Insurance
provided by Defendant.

     In the context of a motion to dismiss for lack of personal
jurisdiction in which no evidentiary hearing is held, the
plaintiff bears the burden of establishing a prima facie case of
jurisdiction over the movant, non-resident defendant.  A prima
facie case is established if the plaintiff presents sufficient
evidence to defeat a motion for a directed verdict.  The district
court must construe the allegations in the complaint as true, to
the extent they are uncontroverted by defendant's affidavits or
deposition testimony.  Where the evidence presented by the
parties' affidavits and deposition testimony conflicts, the court
must construe all reasonable inferences in favor of the

                                  6

Case No. 8:10-CV-1769-T-17EAJ

non-movant plaintiff.   See Madara v. Hall, 916 F.2d 1210 (11th Cir. 1990)(citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

Defendant Renasant, through the James affidavit, states that Renasant caused a Certificate of Liability Insurance to be prepared and provided at the request of Pasco Acoustical, which named Keenan as the Certificate Holder.  Defendant further states that all dealings pertaining to issuing the Certificate took place in Mississippi, and no conversations with Pasco Acoustical took place in Florida.  Defendant alleges that Defendant's intent was for Keenan to rely on the Certificate as to the existence of liability insurance for the Fort Myers job site, and not as evidence of worker's compensation insurance in Florida.

Plaintiff Zurich did not file a supporting affidavit in response to Defendant's Motion to Dismiss.  The Court notes that the James Affidavit does not deny that Defendant Renasant provided the Certificate of Insurance to Keenan attesting to insurance coverage for Pasco Acoustical for the Fort Myers job site.  In the Complaint, Plaintiff alleges that Renasant provided the Certificate of Liability Insurance to Keenan as proof of insurance, that Renasant knew or should have know that Keenan would rely on the Certificate of Liability Insurance as evidence that worker's compensation insurance was in place, and that Keenan justifiably relied on the Certificate of Insurance.  The James affidavit does not fully contest the jurisdictional allegations that Defendant Renasant committed a tort in Florida by providing a written communication to Keenan in Florida on which Keenan relied, resulting in Keenan's damages and Zurich's damages.  The Court finds that Plaintiff Zurich has established a

7

Case No. 8:10-CV-1769-T-17EAJ

prima facie case of jurisdiction under the long-arm statute.


2.   Due Process
a.   Minimum Contacts

     In a tort case, jurisdiction may attach if an out-of-forum
defendant engages in conduct aimed at, and having an effect in,
the forum state.   While negligent misrepresentation is not an
intentional tort, the Certificate of Insurance at issue in this
case documents Defendant's knowledge that a Florida corporation
was the Certificate holder, that the insurance policies were to
provide coverage for a Florida job site, and Defendant intended
Keenan to rely on the Certificate's representations.   Defendant's
client, Pasco Acoustical, has worked on Florida job sites in the
past on numerous occasions, and has obtained insurance coverage
for its work on those sites from Defendant Renasant.   Defendant
Renasant has provided Certificates of Insurance to Keenan to
document Pasco Acoustical's insurance coverage for its work on
Florida sites.

     "Minimum contacts" are sufficient where the contacts are
related to a plaintiff's cause of action, where the contacts
involve some act by which a defendant purposefully avails itself
of the privilege of conducting activities in the forum, and the
contacts are such that a defendant would reasonably anticipate
being haled into court in the forum state.

     The Court notes that Defendant Renasant, at the request of
its Mississippi client, Pasco Acoustical, obtained policies of
insurance covering work to be performed in Florida, and sent a
Certificate of Insurance to the Certificate Holder, Keenan, in

8

Case No. 8:10-CV-1769-T-17EAJ

Florida.    This litigation arises out Keenan's reliance on the
representation in the Certificate of Insurance that Pasco
Acoustical had worker's compensation coverage in effect for the
Fort Myers job site.  A single contact with the forum state is
sufficient to support personal jurisdiction, so long as it
creates a "substantial connection" with the forum state.  McGee
v. International Life Insurance Co., 355 U.S. 220 (1957).
Sending the Certificate of Insurance to Keenan in Florida to
document insurance coverage for the Florida job site is
sufficient to establish specific jurisdiction.  While a single
contact is at issue in this case, Defendant Renasant has had an
ongoing relationship with its client Pasco Acoustical.  Pasco
Acoustical has performed work in Florida for Keenan on numerous
occasions in the past. (Dkt. 16-1, pp. 1-14).

     Under Florida law, general jurisdiction based on substantial
and not isolated activity means "continuous and systematic
general business contacts."  American Overseas Marine Corp. v.
Patterson, 632 So.2d 1124 (Fla. 1st DCA 1994).  Defendant has
alleged it is a Mississippi corporation which does business only
in Mississippi, and which is not licensed to do business in
Florida.  Pasco Acoustical is located in Mississippi, and the
insurance policies obtained were procured and issued in
Mississippi (Dkt. 3-1).  Sending the Certificates of Insurance to
Keenan in Florida for fourteen different job sites does not
equate to "continuous and systematic general business contacts."

     After consideration, the Court finds that Defendant
Renasant's contact with Florida is related to this litigation,
that Defendant Renasant purposefully availed itself of conducting
activities in Florida by sending the Certificate of Insurance to

9

Case No. 8:10-CV-1769-T-17EAJ

Keenan with the intent that Keenan rely on its representations,
and that Defendant Renasant should reasonably anticipate being
haled into court in Florida.  Defendant Renasant has sufficient
minimum contacts with the State of Florida for the purpose of
meeting the Due Process requirement.

b.  Fair Play and Substantial Justice

    Relevant factors to be considered include: 1) the burden on
defendant; 2) the forum state's interest; 3) plaintiff's interest
in convenient and effective relief; 4) the judicial system's
interest in the efficient resolution of controversies; and the
state's shared interest in furthering fundamental social
policies.

    The Court finds the exercise of personal jurisdiction over
Defendant Renasant to be reasonable.  A Florida corporation
sustained a loss due to the inaccurate Certificate of Insurance,
albeit one which was covered by other insurance, for which
Plaintiff Zurich, a corporation authorized to do business in
Florida, now seeks recovery.  The State of Florida has a
substantial interest in providing a means of recovery for its
corporate citizens who sustain damages due to reliance on out-of-
forum defendants.  Plaintiff Zurich has an interest in obtaining
convenient and effective relief, as Zurich paid Keenan's
statutory employee.  The judicial system has in interest in
efficiently resolving this controversy.  While this case will
undoubtedly burden Defendant to a degree, the burden is not
unreasonable or unmanageable.  After consideration, the Motion to
Dismiss for lack of personal jurisdiction is **denied**.

Case No. 8:10-CV-1769-T-17EAJ

B.   Venue

Defendant Renasant argues that venue is improper because RENASANT is a Mississippi corporation, no substantial part of the events giving rise to the Complaint, i.e. acts performed by Renasant, occurred in Florida, and the instant action could be properly tried in Mississippi.

Plaintiff Zurich responds that the act for which Zurich has sued Renasant is the act of providing a Certificate of Liability Insurance to Keenan that did not accurately represent the insurance coverage issued by Liberty Mutual Insurance Company.

Plaintiff Zurich further argues that the "substantial parts of the act and omission" are:

> a.   Renasant created the Certificate of Liability Insurance with the misrepresentation at the request of Florida corporation Keenan;
>
> b.   The Certificate created by Renasant focused on work being performed on a Florida job site in Fort Myers, Florida;
>
> c.   Renasant knew that the Certificate was being used by the Florida corporation Keenan as evidence of insurance for the Florida job site in Fort Myers;
>
> d.   RENASANT sent the Certificate to the Florida corporation Keenan in Florida;
>
> e.   Renasant's creation and transmittal of the Certificate to the Florida corporation Keenan created a misrepresentation in Florida as to the type of insurance in place for the Fort Myers job site;

11

Case No. 8:10-CV-1769-T-17EAJ

>   f.   Keenan relied on Renasant's insaccurate
>   Certificate while continuing to work on the
>   Florida job site in Fort Myers, FL;
>
>   g.   Kennan's reliance on Renasant's
>   inaccurate Certificate in Florida regarding
>   the Florida job site eventually caused a
>   chain reaction which ultimately led to Keenan
>   and Zurich suffering damages.

Plaintiff argues that, although Renasant probably created the
Certificate in Mississippi, the Court must consider only "those
locations hosting a 'substantial part' of the events...."
Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).
Plaintiff Zurich argues that the cause of action accrued once
Zurich, on behalf of Keenan, was forced to make a payment to the
injured employee, but nevertheless the sole underlying event
which gave rise to Zurich's cause of action is the Certificate of
Insurance which Renasant provided to Keenan evidencing insurance
coverage for the Florida job site in Fort Myers, Florida.

The Court has found that Defendant's tortious act occurred
in Florida.  The Court therefore finds that venue is proper
pursuant to 28 U.S.C. Sec. 1391(a)(2).  The Motion to Dismiss for
improper venue is **denied**.

C.  Transfer under 28 U.S.C. Sec. 1404, Change of Venue

Defendant Renasant argues that this case could have been
brought in the Northern District of Mississippi, and that
transfer is warranted on grounds of convenience and interests of
justice.  Defendant Renasant argues that all of the relevant
factors weigh in favor of transfer.

12

Case No. 8:10-CV-1769-T-17EAJ

The Court notes that Defendant Renasant contends that this
case should be dismissed or transferred under the common law
doctrine of forum non conveniens. (Dkt. 3, p. 15). However, in
this case if transfer were granted, the case would be transferred
to another federal district court. Therefore, 28 U.S.C. Sec.
1404, designed to embody and modify the common law doctrine,
controls.

Plaintiff Zurich responds that transfer is not appropriate
because the majority of witnesses will be in Florida, and it is
not in the public interest.

Plaintiff Zurich does not dispute that this case could have
been brought in Mississippi, and therefore the Court will address
only the second requirement of 28 U.S.C. Sec. 1404.

In determining the balance of convenience, the Court must
consider: 1) plaintiff's initial choice of forum; 2) convenience
of the parties and witnesses; 3) relative ease of access to
sources of proof; 4) availability of compulsory process for
witnesses; 4) location of relevant documents; 6) financial
ability to bear the cost of the change; and 7) all other
practical problems that make trial of the case easy, expeditious
and inexpensive. Aalberg v. Plan 4 College, Inc., 2009 WL
3698039 (M.D. Fla. 11/4/2009). Transfer is appropriate only when
a defendant establishes that the balance weighs strongly in favor
of transfer.

1) Plaintiff's choice of forum

Plaintiff Zurich has chosen the Middle District of Florida

13

Case No. 8:10-CV-1769-T-17EAJ

as the forum.   Plaintiff Zurich is a New York corporation whose
principal place of business is in Illinois.   Plaintiff Zurich is
pursuing this case on behalf of its subrogee Keenan, a resident
of this district.   The events upon which this case arose took
place in this district.  This factor does not weigh in favor of
transfer.


2) Convenience of parties and witnesses

     Defendant Renasant argues that the majority of its witnesses
are located in Mississippi.  Plaintiff responds that the majority
of its witnesses are located in Florida, one witness is located
in Mississippi, and other witnesses are located in Texas and
Wisconsin.

     Where a transfer merely shifts the burden of inconvenience
from one party and its witnesses to another party and its
witnesses, courts will not disturb a plaintiff's choice of forum.
This factor does not weigh in favor of transfer.

3) Location of relevant documents and relative ease of access to
sources of proof

     Defendant argues that its business, its records and
witnesses are in Mississippi, and therefore Defendant's access to
sources of proof is more readily available in Mississippi.
Plaintiff responds that this case will not require significant
document discovery and, while Plaintiff's documents are located
in Florida, the documents can be made available electronically.

14

Case No. 8:10-CV-1769-T-17EAJ

The Court finds that this factor does not weigh in favor of transfer.

4) Availability of compulsory process

Defendant Renasant's agents and employees are located in Mississippi.  Defendant Renasant has argued that most of its witnesses are in Mississippi, and it would be more convenient for the Court and/or parties to compel testimony in Mississippi.

Plaintiff responds it would be no more convenient for a Mississippi court to compel a witness than it would be for a Florida court to do so.

Any witness who is unwilling to testify in Florida can be deposed in Mississippi.  Defendant has not shown that its Mississippi witnesses cannot effectively present their testimony by deposition, nor have Defendants identified the substance of the testimony.  The Court finds that this factor does not weigh in favor of transfer.

5) Financial ability to bear the cost of transfer

Defendant Renasant does not assert that Defendant does not have the financial ability to bear the cost of transfer.

Plaintiff argues that a transfer would merely shift the financial burden of transfer from one party to another.

Since the burden is on Defendant to demonstrate that transfer is justified, this factor weighs against transfer.

15

Case No. 8:10-CV-1769-T-17EAJ

6) Familiarity with governing law

Because this case is based on diversity, Florida law applies
to substantive issues. As a practical matter, a district court
located in Florida and routinely applying Florida law can more
appropriately apply Florida law than a district court located in
another state. This factor does not weigh in favor of transfer.

7) Trial efficiency and the interests of justice, based on
totality of the circumstances

Defendant Renasant argues that Renasant's business is in
Mississippi, Renasant is subject to personal jurisdiction in
Mississippi, the Liberty Mutual policy was procured and issued in
Mississippi, none of Renasant's agents and employees are located
in Florida, and all of Renasant's dealings with Pasco, including
the meetings and conversations as to the Certificate of
Insurance, took place in Mississippi.

Plaintiff responds that Defendant Renasant has established
only that a transfer to Mississippi would make the case easier
and less expensive for Defendant.

The Court gives the most weight to the convenience of
witnesses. While there will no doubt be some inconvenience for
Mississippi witnesses, technology has reduced the burdens of
litigation. After consideration, the Court concludes that
Plaintiff's choice of forum is not clearly outweighed by the
consideration of convenience, cost, judicial economy, and
expeditious discovery and trial process to justify the transfer
of this case to Mississippi under Section 1404. Accordingly, it

16

Case No. 8:10-CV-1769-T-17EAJ

is

    **ORDERED** that Defendant Renasant's Motion to Dismiss for lack of personal jurisdiction and venue is **denied,** and the Motion to Transfer is **denied** (Dkt. 3).

    **DONE AND ORDERED** in Chambers, in Tampa, Florida on this 23rd day of February, 2011.

                    ELIZABETH A. KOVACHEVICH
                    United States District Judge

Copies to:
All parties and counsel of record

17